# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

$\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$



2008-SC-000909-TG

ROBERT CARL FOLEY                                                      APPELLANT

|  | ON APPEAL FROM LAUREL CIRCUIT COURT |
|---|---|
| V. | HONORABLE RODERICK MESSER, JUDGE |
|  | NO. 91-CR-00180 |

COMMONWEALTH OF KENTUCKY                                      APPELLEE

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

Robert Carl Foley appeals from a Laurel Circuit Court order denying his motion for post-conviction relief pursuant to CR 60.02. The 60.02 motion requested that the trial court vacate that portion of its judgment entered in Foley's 1997 RCr 11.42 proceeding which denied him expert witness funding, that expert witness funding be made available, and the RCr 11.42 proceeding be reopened and litigated with the assistance of the expert witnesses. Foley contends that he is now eligible for expert witness funding for a ballistics expert and social worker expert because of a change in the law since his original RCr 11.42 case was decided.

Because we determined in Foley's prior RCr 11.42 appeal that these same types of expert witnesses "were not necessary" and their assistance would not have changed the trial verdict, the circuit court denied Foley's motion

based upon the law of the case doctrine. For the reasons explained below, we agree with the trial court that the law of the case doctrine bars Foley's requested relief.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 2, 1993, the Laurel Circuit Court imposed two death sentences upon Foley pursuant to convictions for the August 17, 1991, murders of Harry Lynn Vaughn and Rodney Vaughn. On direct appeal, we affirmed the convictions and sentences. *Foley v. Commonwealth*, 942 S.W.2d 876 (Ky. 1996). (*Foley I*)[1]

After the United States Supreme Court denied his petition for certiorari, *see Foley v. Kentucky*, 522 U.S. 893 (1997), on October 4, 1997, Foley filed a petition for post-conviction relief pursuant to RCr 11.42 in Laurel Circuit Court. In his petition Foley sought, among other things, public funds to retain a ballistics expert and social worker expert to assist him in the case. On November 4, 1997, the trial court entered an order denying the petition, and we affirmed. *Foley v. Commonwealth*, 17 S.W.3d 878, 886-887 (Ky. 2000) (overruled in part by *Stopher v. Conliffe*, 170 S.W.3d 307, 308 (Ky. 2005)) (*Foley II*).

Subsequently, Foley filed a motion for a new trial pursuant to CR 60.02 and RCr 10.02 on the basis that a witness had recanted his testimony. The trial court denied that motion, and we affirmed in *Foley v. Commonwealth*,

---

[1] Foley is also serving four death sentences for the murders of four other persons in 1989 in Laurel County. *See Foley v. Commonwealth*, 953 S.W.2d 924 (Ky. 1997).

2003 WL 21993756 (Ky. 2003). On July 6, 2007, Foley filed a motion pursuant to CR 60.02 for relief from the judgment denying his 1997 RCr 11.42 petition, arguing that in light of an intervening change in the law, the trial court should vacate its prior judgment and conduct a hearing on his claim that trial counsel was ineffective for failing to properly present his motion for a change in venue at trial. The trial court denied the motion, and we affirmed. *Foley v. Commonwealth*, 2009 WL 1110333 (Ky. 2009).

In the meantime, Foley also sought federal habeas corpus relief claiming that he was denied a fair trial due to pre-trial publicity and the trial court's refusal to grant a change in venue, which habeas relief was denied by the United States District Court. That denial was affirmed in *Foley v. Parker*, 488 F.3d 377 (6th Cir. 2007). In addition, Foley presently has pending before this court a matter of right appeal from a denial of his petition for a declaratory judgment in Franklin Circuit Court claiming the self-defense statutes in effect at the time of his trial were unconstitutional. *Foley v. Commonwealth*, Case No. 2009-SC-00428.

Foley's present CR 60.02 motion was filed July 2, 2008, and seeks to partially vacate the trial court's November 4, 1997, judgment denying his original RCr 11.42 petition, obtain expert witness funding for a ballistics expert and social worker expert, and reopen the petition for further litigation with the assistance of the expert witnesses. Foley contends that the ballistics expert would be able to show "that trial counsel was ineffective for failing to hire an

3

actual ballistics expert," and that the social worker expert would be able to establish that trial counsel was "ineffective for failing to present any mitigating evidence."

On July 21, 2008, the trial court entered an order denying the motion because we had addressed and rejected the same issue in *Foley II*, and the court thus concluded that Foley's present argument was barred by the law of the case doctrine. Appeal was taken to the Court of Appeals, who recommended transfer because Foley is a death row inmate; on July 10, 2009, we entered an order granting transfer.

## DISCUSSION

In the 1997 RCr 11.42 petition, one of the arguments raised was that Foley was entitled to expert witness funding to retain a ballistics expert and a social worker expert. He sought the expert witnesses to support his argument that trial counsel was ineffective for failing to properly investigate his case.

The trial court denied the request for funding, and we affirmed on appeal, relying upon the standard as stated in *Hicks v. Commonwealth*, 670 S.W.2d 837, 838 (Ky. 1984) (holding that the standard for determining whether a criminal defendant is entitled to funds for expert assistance is whether such assistance is reasonably necessary).

Following intervening developments in the standard,[2] in *Mills v. Commonwealth*, 268 S.W.3d 366 (Ky. 2008), we stated that the standard for the granting of funding for expert witnesses in a post-conviction proceeding was that "a petitioner may be entitled to state funds for the procurement of expert testimony upon a showing that such witness is reasonably necessary for a full presentation of the petitioner's case." *Id.* at 367. Thus, *Hicks* stated the standard as "reasonably necessary," whereas *Mills* states the standard as "reasonably necessary *for a full presentation of the petitioner's case*." (Emphasis added). It is this distinction, such as it is, upon which Foley hinges his argument.[3]

In addressing the issue of expert witness funding in *Foley II*, we stated as follows:

### IV. Funds for Experts

Foley argues that the trial court improperly denied him funding for a ballistics expert and a social worker because he needed these two experts for the evidentiary hearing to prove the prejudice in his original jury verdict.

Foley has no constitutional right to expert assistance in a collateral attack proceeding. *Murray v. Giarratano*, 492 U.S. 1, 109 S.Ct.

---

[2] *See Stopher v. Conliffe*, 170 S.W.3d 307 (2005), overruled in part by *Hodge v. Coleman*, 244 S.W.3d 102 (Ky. 2008) (statute providing that defense attorneys were entitled to use of same state facilities for evaluation of evidence as available to prosecution and enabling counsel to seek use of private facilities only applies to trial and does not apply to post-conviction proceedings.) and *Commonwealth v. Paisley*, 201 S.W.3d 34 (2006) (it was an abuse of discretion for trial court to order the Finance and Administration Cabinet to pay for a private psychologist without the requisite showing that the use of state facilities was somehow impractical).

[3] While Foley makes much of this subtle change in the statement of the standard, we see little difference. Implied in the "reasonably necessary" standard as stated in *Hicks* was that an expert would be reasonably necessary to somehow assist in the post-conviction case.

5

2765, 106 L.Ed.2d 1 (1989). The requirement to provide funds to indigent defendants for necessary experts as stated in *Binion v. Commonwealth*, Ky., 891 S.W.2d 383 (1995) and *Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), has not been extended to post-conviction matters. The standard for determining whether a criminal defendant is entitled to funds for expert assistance is whether such assistance is reasonably necessary. *Hicks v. Commonwealth*, Ky., 670 S.W.2d 837 (1984). Such a decision is within the sound discretion of the trial judge, and the same standard is to be applied in RCr 11.42 proceedings. *McQueen, supra.*

Foley contends that a ballistics expert was necessary to prove that he did not kill Harry Vaughn and only shot at Rodney Vaughn in self-defense. He does not have an affidavit from any ballistics expert stating this proposition. *There is no showing that the one expert he contacted could change the Foley verdict.* He also claims that he needs a social worker to explain his background and character to the jury. Again, *he does not indicate what a social worker would testify to or how this testimony would change the reliability of the verdict. Foley does not demonstrate that either of these proposed expert witnesses was reasonably necessary* pursuant to Hicks, supra. *It was not error for the trial judge to deny motions for funds for experts because those experts were not reasonably necessary.*

*Id.* at 886-887. (Emphasis added).

Thus, in *Foley II,* we squarely addressed the issue of expert funding and determined that the experts were not "reasonably necessary," and in the case of the ballistics expert, that his testimony "could not change the Foley verdict," and, in the case of the social worker, that her testimony "would not change the reliability of the verdict." Thus, we have made a prior decision in a former appeal on the very issue raised by Foley in this proceeding.

The law-of-the-case doctrine is a rule under which an appellate court, on a subsequent appeal, is bound by a prior decision on a former appeal in the same court and applies to the determination of questions of law and not questions of fact. "As the term 'law of

6

the case' is most commonly used, and as used in the present discussion unless otherwise indicated, it designates the principle that if an appellate court has passed on a legal question and remanded the cause to the court below for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case. Thus, if, on a retrial after remand, there was no change in the issues or evidence, on a new appeal the questions are limited to whether the trial court properly construed and applied the mandate. The term 'law of the case' is also sometimes used more broadly to indicate the principle that a decision of the appellate court, unless properly set aside, is controlling at all subsequent stages of the litigation, which includes the rule that on remand the trial court must strictly follow the mandate of the appellate court." 5 Am.Jur.2d, Appeal and Error, Sec. 744

*Inman v. Inman,* 648 S.W.2d 847, 849 (Ky. 1982).

Based upon our disposition of the expert witness funding issue in the prior appeal, we agree with the trial court that the law of the case doctrine is controlling at this subsequent stage of the litigation. We passed upon the issue of whether Foley was entitled to expert witness funding, and concluded he was not. The change in the standard identified by Foley is de minimis and does not affect the prior conclusion. Moreover, our conclusion in *Foley II* was a legal conclusion, and not, as contended by Foley, a factual finding not subject to the doctrine. We applied the legal standard as stated in *Hicks,* and our conclusion was that, as a matter of law, the experts were not reasonably necessary and their testimony could not affect the trial verdict. Accordingly, the doctrine applies.

In any event, a change in the law simply is not grounds for CR 60.02 relief except in "aggravated cases where there are strong equities." *Reed v.*

*Reed*, 484 S.W.2d 844, 847 (Ky. 1972). This is not an aggravated case involving strong equities in favor of Foley; as such, the supposed change in the law identified by Foley is simply not an adequate basis for CR 60.02 relief.

Moreover, we note the "change" in the law identified by Foley is a change in a collateral attack rule. Specifically, it is a change relating to the availability of expert funding in an RCr 11.42 collateral attack proceeding. Addressing the retroactivity of such a change in *Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009) we stated:

> The cutoff for retroactivity of a new collateral attack rule is thus when the order resolving a collateral attack becomes final, and any such new rule announced after the finality of such a collateral attack order is not retroactively applicable.
>
> Thus, a new rule related to an RCr 11.42 proceeding would generally not be retroactively applicable to any other case where the order denying the RCr 11.42 motion was final (that is, having been appealed and affirmed). As applied in a case like this one, such a new rule could not be raised by way of a CR 60.02 motion used to collaterally attack an RCr 11.42 order.

*Id.* at 160.

Because Foley's RCr 11.42 case became final in 2000 when we issued our opinion affirming the trial court's denial of the petition, any change in expert funding rules as provided in *Mills* is not retroactive, and may not be raised by way of a CR 60.02 motion to collaterally attack the original RCr 11.42 judgment.

In summary, the trial court properly denied Foley's motion for CR 60.02 relief.

## CONCLUSION

For the foregoing reasons, the judgment of the Laurel Circuit Court is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

John Anthony Palombi
201 Monroe Street Suite 407
Montgomery, AL 36104-3727

Heather Christina McGregor
Assistant Public Advocate
Department of Public Advocacy
LaGrange Post Conviction Unit
207 Parker Drive, Suite 1
LaGrange, Kentucky 40031

COUNSEL FOR APPELLEE:

Jack Conway
Attorney General

David Wayne Barr
Assistant Attorney General
Office of the Attorney General
Office of Criminal Appeals
1024 Capital Center Drive
Frankfort, Kentucky 40601-8204